# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/15/2023
CT Log Number 544516852

## Service of Process Transmittal Summary

**TO:**   Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:**   **Process Served in California**

**FOR:**   United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LISA TINETTI // To: United Airlines, Inc. |
| **CASE #:** | 23STCV18305 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/15/2023 at 10:54 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Tue, Aug 15, 2023
**Server Name:**                               DROP SERVICE

| Entity Served | UNITED AIRLINES INC |
|---|---|
| Case Number | 23STCV18305 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, INC., a corporation;
UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity;
GLENN DANIELS, an individual;
and DOES 1 through 100, inclusive

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/02/2023 5:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA TINETTI

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill Street, Los Angeles, CA 90012</td><td>CASE NUMBER:<br>*(Número del Caso):*<br>23STCV18305</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maryann P. Gallagher; 205 S. Broadway, Suite 920, Los Angeles, CA 90012; 213-626-1810

DATE: 08/02/2023          David W. Slayton, Executive Officer/Clerk of Court          , Deputy
*(Fecha)*                 Clerk, by                                                   *(Adjunto)*
                          *(Secretario)*          E. Galicia

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Airlines Inc
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr><td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td><td>**SUMMONS**</td><td>Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov</td></tr>
</table>

For your protection and privacy, please press the Clear This Form button after you have printed the form.          Print this form   Save this form   Clear this form

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

08/03/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Solis _____ Deputy

PLAINTIFF(S):

Lisa Tinetti

DEFENDANT(S):

United Airlines, Inc., et al.

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: |
|---|---|
| | 23STCV18305 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>12/04/2023</u> at <u>8:30 AM</u> in department <u>40</u> of this court, <u>Stanley Mosk Courthouse</u>,
and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>08/03/2023</u>

_____
Anne Richardson / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/03/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _A. Solis_ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Lisa Tinetti

DEFENDANT:
United Airlines, Inc., et al.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23STCV18305

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/04/2023 | Time: 8:30 AM | Dept: 40 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _08/03/2023_

_Judicial Officer_

## CERTIFICATE OF SERVICE   Anne Richardson / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Maryann P. Gallagher
205 S.Broadway
Suite 920
Los Angeles, CA 90012

David W. Slayton, Executive Officer / Clerk of Court

By _A. Solis_
Deputy Clerk

Dated: _08/03/2023_

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SHORT TITLE Tinetti v United Airlines, Inc. et al. | Superior Court of California<br>County of Los Angeles<br>8/02/2023 5:14 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk | CASE NUMBER 23STCV18305 |
| --- | --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
| --- |

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
| --- | --- |
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
| --- | --- | --- | --- | --- |
| **Auto Tort** | | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Tinetti v United Airlines, Inc. et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE  Tinetti v United Airlines, Inc. et al. | | CASE NUMBER |
|---|---|---|

| | A  Civil Case Cover Sheet Case Type | B  Type of Action  (check only one) | C  Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation  Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION

| SHORT TITLE | Tinetti v United Airlines, Inc. et al. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE  Tinetti v United Airlines, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:  ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:  205 S. Broadway, Suite 920 |
|---|---|
| CITY:  Los Angeles | STATE:  CA | ZIP CODE:  90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  08/02/2023_____                        _____
                                                                              (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   #### Mediation may **not** be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Maryann P. Gallagher (SBN 146078)<br>Law Offices of Maryann P. Gallagher<br>205 S. Broadway, Suite 920<br>Los Angeles, CA 90012<br>TELEPHONE NO.: 213-626-1810  FAX NO. *(Optional):*<br>E-MAIL ADDRESS: mail@mpg-law.com<br>ATTORNEY FOR *(Name):* Plaintiff, LISA TINETTI | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/02/2023 5:14 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: LISA TINETTI v UNITED AIRLINES, INC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23STCV18305 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/02/2023

Maryann P. Gallagher ► _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
ı Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
ı File this cover sheet in addition to any cover sheet required by local court rule.
ı If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
ı Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021]<br>CEB | Essential<br>ceb.com | Forms<br>**CIVIL CASE COVER SHEET**<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief from Late Claim
　Other Civil Petition

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/02/2023 5:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**LAW OFFICES OF MARYANN P. GALLAGHER**
MARYANN P. GALLAGHER, SBN 146078
VIRIDIANA E. ACEVES, SBN 316858
205 S. Broadway, Suite 920
Los Angeles, CA 90012
Telephone: (213) 626-1810
Facsimile: (213) 626-0961
E-mail: mail@mpg-law.com

Attorneys for Plaintiff Lisa Tinetti

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| LISA TINETTI, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED AIRLINES, INC., a corporation; UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity; GLENN DANIELS, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 23STCV18305 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **DISABILITY DISCRIMINATION/ PERCEIVED DISABILITY DISCRIMINATION** (Gov. Code, § 12940 et seq) <br><br> 2. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS** (Gov. Code, § 12940 et seq) <br><br> 3. **FAILURE TO MAKE REASONABLE ACCOMMODATION** (Gov. Code, § 12940 et seq) <br><br> 4. **AGE DISCRIMINATION** (Gov. Code, § 12940 et seq) <br><br> 5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> 6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br><br> 7. **DEFAMATION & SELF-COMPELLED DEFAMATION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lisa Tinetti ("PLAINTIFF") who brings this Complaint against the above-named

1

1  Defendants and DOES 1 through 100, and each of them, as follows:

2  **INTRODUCTION**

3  **THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

4      1.      FEHA codified at Government Code §12900 et seq., prohibits among other things,

5  age discrimination, racial discrimination, sexual harassment, retaliation in employment on account

6  of certain protected classifications, including a person's sex, age and race, and further the FEHA

7  requires an investigation into allegations of sexual harassment, age discrimination and racial

8  discrimination and preventing harassment and retaliation.

9      2.      Government Code §12920 provides the following in pertinent part regarding the

10  public policy of the State of California:

11      "It is hereby declared as the public policy of this state that it is necessary to protect and

12  safeguard the right and opportunity of all persons to seek, obtain, and hold employment without

13  discrimination or abridgement on the account of race, religious creed, color, national origin,

14  ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual

15  orientation.

16      It is recognized that the practice of denying employment opportunity and discriminating in

17  terms of employment for these reasons ferments domestic strife and unrest, deprives the state of

18  the fullest utilization of its capacities for development and advancement, and substantially and

19  adversely affects the interest of employees, employers, and the public in general.

20      It is the purpose of this part to provide effective remedies that will eliminate these

21  discriminatory practices."

22      3.      Government Code Section §12920.5 provides the following:

23      "In order to eliminate discrimination, it is necessary to provide effective remedies that will

24  both prevent and deter unlawful employment practices and redress the adverse effects of those

25  practices on aggrieved persons. To that end, this part shall be deemed an exercise of the

26  Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution."

27      4.      Government Code Section §12921(a) provides the following in pertinent part:

28      "The opportunity to seek, obtain and hold employment without discrimination because of

2

COMPLAINT FOR DAMAGES

1   race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical

2   condition, marital status, sex, age, or sexual orientation is hereby recognized as and declared to be

3   a civil right."

4        5.     In 1984, the California Legislature stated the following regarding employment

5   harassment and discrimination:

6        The Legislature finds and declares that it is the existing policy of the State of California to

7   prohibit harassment and discrimination in employment on the basis of any protected classification.

8   Such conduct, whether intentional or unintentional is a violation of the civil rights of California

9   citizenry and has been shown to decrease productivity in the workforce. (Stats. 1984 c. 1754 §1)

10        6.     Government Code Section §12940 provides the following in pertinent part:

11        "It shall be an unlawful employment practice...

12        (a) For an employer because of race, religious creed, color, national origin, ancestry,

13   physical disability, mental disability, medical condition, marital status, sex, age, or sexual

14   orientation of any person....

15        to refuse to hire or employ the person or to refuse to select the person for a training

16   program leading to employment, or to bar or discharge the person from employment or from a

17   training program leading to employment, or to discriminate against the person in compensation,

18   terms, conditions or privileges of employment.

19        (h) For any employer... or person, to discharge, expel or otherwise discriminate against any

20   person because that person has opposed any practices forbidden under this part or because the

21   person has filed a complaint, testified or assisted in any proceeding under this part.

22        (i) For any person to aid, abet, incite, compel or coerce the doing of any of the acts

23   forbidden under this part, or to attempt to do so.

24        "It shall be an unlawful employment practice...

25        (j) (1) For an employer, or any other person, because of race, religious creed, color,

26   national origin, ancestry, physical disability, mental disability, medical condition, marital status,

27   sex, age, or sexual orientation of any person to harass an employee... Harassment of an employee.,

28   an applicant, or a person providing services pursuant to a contract by an employee, other than an

1  agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should

2  have known of this conduct and fails to take immediate and appropriate corrective action. An

3  entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job

4  benefits shall not be necessary in order to establish harassment.

5        Government Code Section §12940(k) Provides in pertinent part as follows:

6         "It shall be an unlawful employment practice...

7         "(k) For an employer..., employment agency, ...to fail to take all reasonable steps

8  necessary to prevent discrimination and harassment from occurring.

9       7.     Government Code §12926 (d) provides: "Employer" includes any person regularly

10  employing five or more persons, or any person acting as an agent of an employer, directly or

11  indirectly, the state or any political or civil subdivision of the state, and cities.

12        Government Code 12926 (n) provides: "Race, religious creed, color, national origin,

13  ancestry, physical disability, mental disability, medical condition, genetic information, marital

14  status, sex, age, or sexual orientation" includes a perception that the person has any of those

15  characteristics or that the person is associated with a person who has, or is perceived to have, any

16  of those characteristics.

17       8.     Government Code §12941 provides in part:

18        The Legislature further reaffirms and declares its intent that the courts interpret

19        the state's statutes prohibiting age discrimination in employment broadly and vigorously,

20  in a manner comparable to prohibitions against sex and race discrimination, and with the goal of

21  not only protecting older workers as individuals, but also of protecting older workers as a group,

22  since they face unique obstacles in the later phases of their careers.

23       9.     Government Code § 12926(b) provides that the term "age" as used in the FEHA,

24  refers to the chronological age of any individual who has reached her or her 40th birthday.

25  **THE PARTIES**

26  **PLAINTIFF**

27       10.     Plaintiff is informed and believes, and based thereupon alleges, that at all times

28  relevant hereto was a resident of the State of California, County of Los Angeles.

COMPLAINT FOR DAMAGES

**DEFENDANTS**

11.     PLAINTIFF is informed and believes, and based thereon alleges, that Defendants UNITED AIRLINES, INC. and UNITED AIRLINES LAX CUSTOMER SERVICE (collectively hereinafter, "EMPLOYER DEFENDANTS") are, and at all relevant times mentioned herein, business entities duly organized and existing under the laws of the State of California and are residents of California operating out of Los Angeles International Airport.

12.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant GLENN DANIELS was and is a resident of the County of Los Angeles, State of California.

13.     Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendant, was an individual in the County of Los Angeles, State of California.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-100, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same becomes known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

15.     Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them,  including the Clinic that Defendants sent plaintiff to Concentra, and or Concentra LAX,  were  the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, aiders and betters and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

16.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or Co-Defendant, such allegations and references shall also be deemed to

1   mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

2   <u>**ADMINISTRATIVE PREREQUISITES**</u>

3   17.     Plaintiff filed a complaint with the DFEH and has received a Right to Sue Letter on

4   or about June 06, 2023, therefore, plaintiff has exhausted her administrative remedies.

5   <u>**FACTUAL ALLEGATIONS**</u>

6   18.     Plaintiff Lisa Tinetti (hereinafter "Plaintiff") is approximately over 40 years old.

7   Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff

8   was an excellent, hardworking employee of Defendants for over three decades. She was

9   terminated under pretextual reasons.

10   19.     On or around August 19, 2022, Plaintiff was approximately 59 years old at the time

11   of her termination.

12   20.     Defendants wanted to save money on salary and benefits and decided to terminate a

13   number of older employees and replace them with younger less qualified employees.

14   21.     Defendant GLENN DANIELS was Plaintiff' supervisor.

15   22.     Defendant GLENN DANIELS exercised his power to create a discriminatory,

16   harassing, and hostile work environment against Plaintiff.

17   23.     Defendant GLENN DANIELS treated Plaintiff differently because of her age and

18   because of her disability or perceived disability.

19   24.     Ms. Tinetti was approximately 59 years old and worked for Respondents for over

20   33 years. Ms. Tinetti was a lead ramp service employee. Ms. Tinetti had good reviews and was a

21   loyal employee. Ms. Tinetti worked with the luggage, she was not an employee who did any

22   work on airplanes and did not do anything safety related.

23   25.     Defendant discriminated against plaintiff based on her age and disability and or

24   perceived disability and after over 33 years of faithful service they refused to accommodate her

25   and set out to terminate her.

26   26.     In Approximately February 2022 Plaintiff was taken from work to a hospital  for a

27   suspected kidney injury and she was still suffering from kidney issues at the time of the

28   approximately May 2022 incident. The disability or perceived disability coupled with fatigue

caused her to be unsteady, which was observed by her manager. The baggage in plaintiffs section began to back up because of a change in planes. All the employees had to work extra to try and fix the problem. Plaintiff suffered pain to her back and hand which she started to feel the next day and reported it.

27.     Instead of sending her to a doctor, Employer Defendants sent her for drug testing. Despite the fact that plaintiff underwent a breathalyzer which was negative for any substance. She was then told she had to get a urine sample, however, when she was taken to Defendants' clinic, which works in conjunction with Employer Defendants  when they attempted to take a sample, they claimed there was not enough urine. However, there was. Plaintiff provided a second sample, that was one they claimed was not enough as well, then they said plaintiff was not producing urine. However, plaintiff had produced enough urine within the 3-hour time frame to meet requirements for a urine sample. The clinic discarded her samples. However, their documentation shows that she did produce more than the required amount.

28.     Plaintiff offered to have blood drawn, but the clinic refused. Plaintiff did everything she could to comply with the testing, she had a negative breathalyzer, she identified on her take in form that she had a history of kidney disease, she provides samples three times to the best of her ability, but the clinic deemed them inadequate, even though they met the requirements.

29.     Approximately a week later, Defendants then hired a doctor to determine whether or not plaintiff had a "shy bladder", however, this doctor never even examined plaintiff, he never conducted any urine test to see if plaintiff could produce urine.

30.     Approximately a month later, defendants terminated plaintiff without conducting a complete investigation claiming plaintiff "failed the post mishap drug test without cause" and "violating company rules" which was not true. On or about approximately August 19, 2022, plaintiff was terminated and told she was not subject to rehire or to use any of the travel passes Defendants knew or should have known this was a false reason or if they had conducted even a minimal investigation, they would have learned it was a false reason.

/ / /

COMPLAINT FOR DAMAGES

31.     Plaintiff told Defendants she did everything she could to comply with the testing, she had a negative breathalyzer, she identified on her take in form to the clinic that she had a history of kidney disease, she provides samples three times to the best of her ability, but clinic deemed them inadequate, even though they met the requirements. Plaintiff provided the cause for what happened with the urine testing.

32.     Plaintiff was devastated, she had given her entire life to United Employer Defendants and instead of engaging in the interactive process, attempting to accommodate her, and investigating what really happened, they terminated her based on a pretextual reason. They perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of her. Employer Defendants have done this to other long-term employees.

33.     Plaintiff has exhausted her administrative remedies prior to filing this lawsuit.

## FIRST CAUSE OF ACTION

### *Disability Discrimination/ Perceived Disability Discrimination*

### (Gov. Code, § 12940 et seq)

**(By Plaintiff Lisa Tinetti Against Defendants UNITED AIRLINES, INC., a corporation; UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity and Does 1 through 100 inclusive;)**

34.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

35.     At all times mentioned herein, Plaintiff was an individual residing in the State of California.

36.     At all times relevant herein, EMPLOYER DEFENDANTS were, and now are, business entities authorized to do business in, and conducting business in the County of Los Angeles, State of California.

37.     At all times herein mentioned, EMPLOYER DEFENDANTS and DOES 1 through 100, Inclusive were qualified employers under the FEHA, CFRA, and California Code of Regulations, and acting within the course and scope of that employment.

/ / /

8

38.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of DEFENDANTS sued herein as DOES 1 through 100, Inclusive, and therefore sues said DEFENDANTS, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named DEFENDANTS when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

39.     Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them,  including the Clinic that Defendants sent plaintiff to Concentra, and or Concentra LAX,  were  the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, aiders and betters and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

40.     At all times mentioned herein, Defendant GLENN DANIELS was a supervisor, and/or manager of Plaintiff, and was a resident of the State of California.

41.     Beginning in approximately 2022, EMPLOYER DEFENDANTS employees, supervisors and managing agents, including Defendant GLENN DANIELS and each of them, while acting in the course and scope of their employment with EMPLOYER DEFENDANTS and in carrying out the policies and practices of EMPLOYER DEFENDANTS, discriminated against Plaintiff on the basis of her disability, and failed to take all necessary steps to prevent discrimination and harassment from occurring. At all times herein mentioned Plaintiff had a known physical condition that qualified as a disability within the definitions and interpretations of Government Code Section 12926 et seq. and 12940 et seq.

/ / /

9

42.     Defendants discriminated against Plaintiff based upon her physical disability/perceived physical disability with the following actions, among others:

43.     Plaintiff is approximately over 40 years old. Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent, hardworking employee of Defendants for over three decades. She was terminated under pretextual reasons.

44.     On or around August 19, 2022, Plaintiff's employment was terminated by virtue of Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

45.     Defendants wanted to save money on salary and benefits and decided to terminate a number of older employees and replace them with younger less qualified employees.

46.     Defendant GLENN DANIELS was Plaintiff' supervisor.

47.     Defendant GLENN DANIELS exercised her power to create a discriminatory, harassing, and hostile work environment against Plaintiff.

48.     Defendant GLENN DANIELS treated Plaintiff differently because of her age and because of her disability or perceived disability.

49.     In approximately February 2022, Plaintiff was taken from work to a hospital in for a suspected kidney injury and she was still suffering from kidney issues at the time of the approximately May ,2022 incident. In approximately May 2022, while working in her position handling baggage, plaintiff felt unsteady. When her supervisor asked her what was wrong, plaintiff said she felt fatigued and may have strained her back or hand the day before when there was a backlog of luggage. The disability or perceived disability coupled with fatigue caused her to be unsteady, which was observed by her supervisor.

50.     Defendant Employers sent her for drug testing, instead of to a doctor. She underwent a breathalyzer which was negative for any substance. She was then told she had to get a urine sample, however, when she was taken to the clinic, when they attempted to take a sample, they claimed it was not enough. Plaintiff provided a second sample, that was one they claimed was not enough as well, then they said plaintiff was not producing urine. Plaintiff offered to have blood drawn, but they refused. Defendants then claim they conducted an "investigation," but they did not, and they fired Ms. Tinetti anyway claiming plaintiff "failed the post mishap drug test

COMPLAINT FOR DAMAGES

1  without cause" which was not true. She was terminated and told she was not subject to rehire or

2  to use any of the travel passes Employer Defendants provide.

3       51.    Plaintiff was devastated, she had given her entire life to United Employer

4  Defendants and instead of engaging in the interactive process, attempting to accommodate her,

5  and investigating what really happened, they terminated her based on a pretextual reason. They

6  perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of

7  her. Employer Defendants have done this to other long-term employees.

8       52.    Plaintiff's disability, perceived disability, serious medical condition, age, were

9  substantial motivating factors in EMPLOYER DEFENDANTS decision to terminate Plaintiff.

10  Plaintiff was harmed by the termination and the acts of discrimination and retaliation by

11  EMPLOYER DEFENDANTS and EMPLOYER DEFENDANTS' act of terminating Plaintiff

12  was a substantial factor causing her harm.

13       53.    EMPLOYER DEFENDANTS discriminated against plaintiff due to an actual or

14  perceived physical condition (kidney damage which caused fatigue) that is disabling, potentially

15  disabling, or perceived as disabling or potentially disabling.

16       54.    Plaintiff had worked for Defendants for approximately 33 years. She had good

17  reviews. She was a hard-working employee. She just felt fatigued at work. Instead of trying to

18  help her, sending her home sending her to a doctor, Defendants sent her to their company clinic

19  for urine testing. Plaintiff did everything to comply. She passed a breathalyzer, she offered to

20  have a blood test. Defendants refused, instead they falsely claimed she was refused to take the

21  test when she had not. Defendants knew this was false, they refused to consider anything less

22  than termination, such as suspension.

23       55.    EMPLOYER DEFENDANTS' employees, supervisors and managing agents, and

24  each of them, while acting in the course and scope of their employment with DEFENDANTS and

25  DOES 1 through 100, and in carrying out the policies and practices of DEFENDANTS

26  discriminated against Plaintiff on the basis of her physical disability and/or perceived disability,

27  failed to take all necessary steps to prevent discrimination from occurring, failed to make all

28  reasonable accommodations for the known physical disability of Plaintiff. At all times herein

1  mentioned Plaintiff was a qualified disabled employee pursuant to Government Code 12940 et

2  seq and 12926 et seq.

3      56.      Plaintiff was one of many injured workers who were terminated when they became

4  injured. Defendants had a pattern and practice of discriminating against employees who became

5  injured, refusing to accommodate them and terminating them wrongfully. The discriminatory

6  intent is evidenced in part by the fact that Defendants did this to other employees who became

7  injured. This information is exclusively within defendant's custody and control and Plaintiff

8  requests that DEFENDANTS not destroy the information. DEFENDANTS and DOES 1 through

9  100, knew they were terminating Plaintiff for illegal reasons, but did it anyway, in blatant

10 disregard of the law.

11     57.      The acts and conduct of Defendants, and each of them, as aforesaid, was in

12 violation of California Government Code § 12940 et seq. Said statutes are designed to protected

13 injured workers who are disabled as defined in Government Code 12926 et seq. and to prevent

14 discrimination based on a disability. Said statutes were intended to prevent the type of injury and

15 damage herein set forth. Plaintiff was, at all times material hereto, a qualified disabled employee,

16 and within the protected class covered by California Government Code § 12940, et seq. and

17 California Government Code §12945 et seq. and California Code of Regulations 7293.5.

18     58.      By the acts and conduct described above, EMPLOYER DEFENDANTS, and each

19 of them, in violation of said statutes, knew about, or should have known about, and failed to

20 prevent or remedy the physical disability discrimination. When Plaintiff was terminated, a

21 motivating factor in her termination was because of her physical disability and because she

22 needed accommodations and EMPLOYER DEFENDANTS did not want to accommodate her.

23 Plaintiff is informed and believes and subject to discovery, states that DEFENDANTS had a

24 pattern and practice of terminating employees who were on disability or needed

25 accommodations.

26     59.      Plaintiff filed timely charges with the California Department of Fair Employment

27 and Housing and received a right to sue in a California Superior Court pursuant to California

28 Government Code § 12965(b), permitting her to bring this legal action.

60.     By the aforesaid acts and conduct of EMPLOYER DEFENDANTS, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

61.     As a direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

62.     As a further direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, Plaintiff has been caused to suffer and did suffer a loss of earnings, earning capacity, medical benefits, including insurance and other benefits to which they were entitled. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

63.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court. The aforementioned acts of DEFENDANTS, committed by and through their managing agents, supervisors, including Defendant GLENN DANIELS were done with the knowledge of DEFENDANTS and or were ratified and condoned by DEFENDANTS, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of DEFENDANTS and its alter egos, and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of DEFENDANTS, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

64.     The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, co-conspirators, successors, joint ventures was committed by and through their managing agents,

1    supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos

2    and or were ratified and condoned by EMPLOYER DEFENDANTS and their, co-conspirators,

3    successors, joint ventures, and each of them, were willful, wanton, malicious, intentional,

4    oppressive, illegal and despicable and were done in willful and conscious disregard of the rights,

5    welfare and safety of Plaintiff, and were done by managerial agents of EMPLOYER

6    DEFENDANTS and its alter egos, and DOES 1 through 100, and with the express knowledge,

7    consent, and ratification of managerial employees of EMPLOYER DEFENDANTS and it alter

8    egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be

9    determined at the time of trial. The termination of Plaintiff when he was disabled was devised by

10   EMPLOYER DEFENDANTS and was ratified and condoned by DEFENDANTS, with the

11   knowledge that it was unlawful and without regard for Plaintiff's and others' disabilities and the

12   protections afforded Plaintiff under California Law, as set forth above and by the FEHA, the

13   FMLA and CFRA. Defendants had a culture of discriminating against employees on the basis of

14   their disability.

15        65.     The discriminatory policy was devised by EMPLOYER Defendants and

16   implemented by defendants in the strictest sense without regard for Plaintiff's and others

17   disability and the protections afforded Plaintiffs by California Law, as set forth above and by the

18   FMLA and CFRA. The Defendants and its managing agents and alter ego's conduct as set forth

19   herein was reprehensible.

20        66.     The harm to Plaintiff was "physical" in the sense that it affected her emotional and

21   mental health, rather than being a purely economic harm. (State Farm, supra, 538 U.S. at p. 419.)

22   It was objectively reasonable to assume that EMPLOYER DEFENDANTS employer's,

23   managing agents, acts of discrimination and harassment toward Plaintiff would affect her

24   emotional well-being, and therefore EMPLOYER DEFENDANTS' "conduct evinced an

25   indifference to or a reckless disregard of the health or safety of others." Plaintiff quickly depleted

26   her savings and lost her medical insurance as a result of her termination, and therefore it appears

27   that she "had financial vulnerability." *Roby v. McKesson* (2009)47 Cal. 4th 686.

28   ///

67.      As a result of the discriminatory acts of EMPLOYER DEFENDANTS their agents and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

68.      Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

## SECOND CAUSE OF ACTION

### *Failure to Engage in the Interactive Process*

### **(Gov. Code, § 12940 et seq)**

### **(By Plaintiff Lisa Tinetti Against Defendants UNITED AIRLINES, INC., a corporation; UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity and Does 1 through 100 inclusive;)**

69.      PLAINTIFF repeats and realleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

70.      Plaintiff Lisa Tinetti (hereinafter "Plaintiff") is approximately over 40 years old. Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent, hardworking employee of Defendants for over three decades. She was terminated under pretextual reasons.

71.      On or around August 19, 2022, Plaintiff's employment was terminated by virtue of Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

72.      Defendants wanted to save money on salary and benefits and decided to terminate a number of older employees and replace them with younger less qualified employees.

73.      Defendant GLENN DANIELS was Plaintiff' supervisor.

74.      Defendant GLENN DANIELS exercised her power to create a discriminatory, harassing, and hostile work environment against Plaintiff.

75.      Defendant GLENN DANIELS treated Plaintiff differently because of her age and because of her disability or perceived disability.

/ / /

COMPLAINT FOR DAMAGES

76.     In Approximately February 2022, Plaintiff was taken from work to a hospital in for a suspected kidney injury and she was still suffering from kidney issues at the time of the approximately May 28,2022 incident. The disability or perceived disability coupled with fatigue caused her to be unsteady, which was observed by her supervisor.

77.     Plaintiff was involved in a work incident that resulted in an injury to her lumbar and hand.

78.     Defendant Employers sent her for drug testing, instead of to a doctor. She underwent a breathalyzer which was negative for any substance. She was then told she had to get a urine sample, however, when she was taken to the clinic, when they attempted to take a sample, they claimed it was not enough. Plaintiff provided a second sample, that was one they claimed was not enough as well, then they said plaintiff was not producing urine. Plaintiff offered to have blood drawn, but they refused. Defendants then claim they conducted an "investigation," but they did not, and they fired Ms. Tinetti anyway claiming plaintiff "failed the post mishap drug test without cause" which was not true. She was terminated and told she was not subject to rehire or to use any of the travel passes Employer Defendants provide.

79.     Plaintiff was devastated, she had given her entire life to United Employer Defendants and instead of engaging in the interactive process, attempting to accommodate her, and investigating what really happened, they terminated her based on a pretextual reason. They perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of her. Employer Defendants have done this to other long-term employees.

80.     Plaintiff believes Defendants had a pattern and practice of discriminating and terminating employees who were on medical leave or required an accommodation. Plaintiff was devastated.

81.     PLAINTIFF timely filed her complaint with the DFEH and received a Right to Sue letter therefore exhausting her administrative remedies.

82.     PLAINTIFF is informed and believes that DEFENDANTS had already replaced PLAINTIFF, did not keep her job open for her, did not make any attempt to return her back to her position or to look for another position all in violation of the public policy as set forth in the

1   above-mentioned statutes.

2       83.     PLAINTIFF believes she was replaced with a younger nondisabled employee.

3       84.     PLAINTIFF is informed and believes that EMPLOYER DEFENDANT terminated

4   other employees when they perceived them to be disabled and therefore of lesser value.

5       85.     As a direct and legal result of EMPLOYER DEFENDANTS violation of FEHA,

6   PLAINTIFF suffered damages.

7       86.     PLAINTIFF was not terminated for performance issues.

8       87.     UNDER GOVERNMENT CODE 12940n (EMPLOYER DEFENDANTS are

9   required to engage in an interactive to fail to engage in a timely, good faith, interactive process

10  with him to determine the effective reasonable accommodations for a known physical or known

11  mental condition. PLAINTIFF had a known medical condition, kidney damage. EMPLOYER

12  DEFENDANTS filed to engage in any good faith interactive process at all to see how they could

13  accommodate her. They failed to engage in the interactive process with PLAINTIFF, instead they

14  terminated her.

15      88.     PLAINTIFF had been an employee of EMPLOYER DEFENDANTS for over 33

16  years.

17      89.     Instead of engaging in the interactive process with plaintiff to determine if she

18  needed assistance, Defendants sought to find a way to terminate plaintiff.

19      90.     By the acts and conduct described above, DEFENDANTS, and each of them, in

20  violation of said statutes, knew about, or should have known about, and failed to prevent or

21  remedy the violation of the law.

22      91.      By the aforesaid acts and conduct of DEFENDANTS, and each of them,

23  PLAINTIFF has been directly and legally caused to suffer actual damages pursuant to California

24  Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity,

25  medical and related expenses for care and procedures both now and in the future, attorney's fees,

26  and other pecuniary loss not presently ascertained, for which PLAINTIFF will seek leave of court

27  to amend when ascertained.

28      92.     As a direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid,

17

1  PLAINTIFF has been caused, and did suffer, and continues to suffer severe and permanent

2  emotional and mental distress and anguish, humiliation, pain, discomfort, and anxiety. The exact

3  nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of

4  court to assert the same when they are ascertained.

5       93.     As a further direct and legal result of the acts and conduct of DEFENDANT, as

6  aforesaid, PLAINTIFF has been caused to suffer and did suffer a loss of earnings, earning

7  capacity, medical benefits, loss of a career, including insurance and other benefits to which he

8  was entitled. The exact nature and extent of said injuries is presently unknown to PLAINTIFF,

9  who will pray leave of court to assert the same when they are ascertained.

10      94.     PLAINTIFF has been generally damaged in an amount within the jurisdictional

11  limits of this court.

12      95.     The aforementioned acts of DEFENDANT, committed by and through their

13  managing agents, including GLENN DANIELS, her supervisor, their supervisors, were done

14  with the knowledge of DEFENDANT and or were ratified and condoned by DEFENDANT, and

15  each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were

16  done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, and were

17  done by managerial agents of DEFENDANT, and DOES 1 through 100, and with the express

18  knowledge, consent, and ratification of managerial employees of DEFENDANT, thereby

19  justifying the awarding of punitive and exemplary damages in an amount to be determined at the

20  time of trial. Prior to the termination of PLAINTIFF, the DEFENDANT'S managing agents

21  (whose identity is known to DEFENDANT and will be the subject of discovery in this case)

22  engaged in a pattern of getting rid of injured workers and refusing to engage in the interactive

23  process so that they would not have to make reasonable accommodations for the injured workers.

24  DEFENDANT and its managing agents, (whose identity is known to DEFENDANT and will be

25  the subject of discovery in this case) knew that their actions were illegal and acted in conscious

26  disregard for the law, putting their own desires to get rid of injured workers over the law. The

27  termination of PLAINTIFF instead of attempting to find a way to assist her to come back to work

28  was in conscious disregard of PLAINTIFF'S rights under the law.

COMPLAINT FOR DAMAGES

96.     The aforementioned acts of DEFENDANT an their alter egos, committed by and through their managing agents, supervisors, were done with the knowledge of DEFENDANT and their alter egos and or were ratified and condoned by DEFENDANT and their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, and were done by managerial agents of DEFENDANT and its alter egos, and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of DEFENDANT and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

97.     The refusal to engage in the interactive process and termination of PLAINTIFF after she was suffering from symptoms that needed help, was devised by DEFENDANT and was ratified and condoned by DEFENDANT, with the knowledge that it was unlawful and without regard for PLAINTIFF'S and others' disability and the protections afforded PLAINTIFF and California Law, as set forth above and by the FEHA, the FMLA and CFRA.

98.     Further, DEFENDANTS and each of them, their managing agents (whose identity is known to DEFENDANTS and will be the subject of discovery in this case) ratified and condoned the refusal to engage in the interactive process or to accommodate PLAINTIFF who was a qualified injured worker and others by terminating them when they suspected they were disabled or would become disabled and need accommodation.

99.     The harm to PLAINTIFF was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. (*State Farm*, *supra*, 538 U.S. at p. 419.) It was objectively reasonable to assume that DEFENDANTS employer's, managing agents, acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANT Employer' "conduct evinced an indifference to or a reckless disregard of the health or safety of others." PLAINTIFF depleted her savings and lost her medical insurance as a result of the termination, and therefore it appears that she "had financial vulnerability." *Roby v McKesson* (2009)47 Cal. 4th 68.

100.    As a result of the discriminatory acts of DEFENDANT its agents and alter egos,

1  and each of them, as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and

2  costs of said suit as specifically provided in California Government Code § 12965(b).

3       101.     PLAINTIFF has suffered general damages in an amount within the jurisdiction of

4  this court.

**THIRD CAUSE OF ACTION**

*Failure to Make Reasonable Accommodation*

**(Gov. Code, § 12940 et seq)**

**(By Plaintiff Lisa Tinetti Against Defendants UNITED AIRLINES, INC., a corporation;**

**UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity and Does 1 through 11**

**inclusive;)**

11       102.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that

12  support them.

13       103.    At all times mentioned herein, Plaintiff was an individual residing in the State of

14  California.

15       104.    At all times relevant herein, EMPLOYER DEFENDANTS were, and now are,

16  business entities authorized to do business in, and conducting business in the County of Los

17  Angeles, State of California.

18       105.    Plaintiff Lisa Tinetti (hereinafter "Plaintiff") is approximately over 40 years old.

19  Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff

20  was an excellent, hardworking employee of Defendants for over three decades. She was

21  terminated under pretextual reasons.

22       106.    On or around August 19, 2022, Plaintiff's employment was terminated by virtue of

23  Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

24       107.    Defendants wanted to save money on salary and benefits and decided to terminate a

25  number of older employees and replace them with younger less qualified employees.

26       108.    Defendant GLENN DANIELS was Plaintiff' supervisor.

27       109.    Defendant GLENN DANIELS exercised her power to create a discriminatory,

28  harassing, and hostile work environment against Plaintiff.

110. Defendant GLENN DANIELS treated Plaintiff differently because of her age and because of her disability or perceived disability.

111. Plaintiff was taken from work to a hospital in for a suspected kidney injury and she was still suffering from kidney issues at the time of the approximately May 28, 2022, incident. The disability or perceived disability coupled with fatigue caused her to be unsteady, which was observed by her supervisor.

112. Plaintiff was devastated, she had given her entire life to United Employer Defendants and instead of engaging in the interactive process, attempting to accommodate her, and investigating what really happened, they terminated her based on a pretextual reason. They perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of her. Employer Defendants have done this to other long-term employees.

113. PLAINTIFF timely filed her complained with the DFEH and received a Right to Sue letter therefore exhausting her administrative remedies.

114. Plaintiff had been taken from work in an ambulance due to kidney damage in approximately February 2022. In approximately May 2022 she suffered an episode of fatigue at work. Employer Defendants observed plaintiff feeling weak and trying to hold onto something. Instead of trying to do something to accommodate her such as sending her to a doctor, allow her to go home, they sent her to their medical clinic for urine testing even though she passed a breathalyzer. Plaintiff did not work in a job that involved safety.

115. As a direct and legal result of EMPLOYER DEFENDANTS violation of FEHA, PLAINTIFF suffered damages.

116. UNDER GOVERNMENT CODE 12940m EMPLOYER DEFENDANTS are required to make a reasonable accommodation for a known physical or known medical condition of their employee. PLAINTIFF had a known medical condition. EMPLOYER DEFENDANTS filed to accommodate her. Instead, they targeted PLAINTIFF for termination.

117. As a direct and legal result of EMPLOYER DEFENDANTS violation of FEHA, PLAINTIFF suffered damages.

118. PLAINTIFF was not terminated for performance issues.

21

COMPLAINT FOR DAMAGES

119.    By the acts and conduct described above, DEFENDANTS, and each of them, in violation of said statutes, knew about, or should have known about, and failed to prevent or remedy the violation of the law.

120.    By the aforesaid acts and conduct of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained.

121.    As a direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, PLAINTIFF has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

122.    As a further direct and legal result of the acts and conduct of DEFENDANT, as aforesaid, PLAINTIFF has been caused to suffer and did suffer a loss of earnings, earning capacity, medical benefits, loss of a career, including insurance and other benefits to which he was entitled. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

123.    PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this court.

124.    The aforementioned acts of DEFENDANT, committed by and through their managing agents, supervisors, were done with the knowledge of EMPLOYER DEFENDANT and or were ratified and condoned by DEFENDANT, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, and were done by managerial agents of DEFENDANT, and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of DEFENDANT, thereby justifying the awarding of

1    punitive and exemplary damages in an amount to be determined at the     time of trial. Prior to

2    the termination of PLAINTIFF, the DEFENDANT'S managing agents (whose identity is known

3    to DEFENDANT and will be the subject of discovery in this case) engaged in a pattern of getting

4    rid of injured workers and refusing to engage in the interactive process so that they would not

5    have to make reasonable accommodations for the injured workers. DEFENDANT and its

6    managing agents, (whose identity is known to DEFENDANT and will be the subject of discovery

7    in this case) knew that their actions were illegal and acted in conscious disregard for the law,

8    putting their own desires to get rid of injured workers over the law. The termination of

9    PLAINTIFF after he became injured was a conscious disregard of PLAINTIFF'S rights under the

10    law.

11       125.     The aforementioned acts of DEFENDANT an their alter egos, committed by and

12    through their managing agents, including; GLENN DANIELS and others whose identity will be

13    the subject of discovery, and supervisors, were done with the knowledge of EMPLOYER

14    DEFENDANT and their alter egos and or were ratified and condoned by EMPLOYER

15    DEFENDANT and their alter egos, and each of them, were willful, wanton, malicious,

16    intentional, oppressive, illegal and despicable and were done in willful and conscious disregard

17    of the rights, welfare and safety of PLAINTIFF, and were done by managerial agents of

18    EMPLOYER DEFENDANT and its alter egos, and DOES 1 through 100, and with the express

19    knowledge, consent, and ratification of managerial employees of EMPLOYER DEFENDANT

20    and its alter egos, thereby justifying the awarding of punitive and exemplary damages in an

21    amount to be determined at the time of trial.

22       126.     The refusal to accommodate PLAINTIFF and termination of PLAINTIFF after she

23    was injured was devised by DEFENDANT and was ratified and condoned by EMPLOYER

24    DEFENDANT, with the knowledge that it was unlawful and without regard for PLAINTIFF'S

25    and others' disability and the protections afforded PLAINTIFF and California Law, as set forth

26    above and by the FEHA, the FMLA and CFRA.

27       127.     Further, DEFENDANTS and each of them, their managing agents (who's identity

28    is known to EMPLOYER DEFENDANTS and will be the subject of discovery in this case)

1  ratified and condoned the refusal to accommodate PLAINTIFF who was a qualified injured

2  worker and others by terminating them when they suspected they were disable or would become

3  disabled and need accommodation.

4      128.    The harm to PLAINTIFF was "physical" in the sense that it affected her emotional

5  and mental health, rather than being a purely economic harm. (State Farm, supra, 538 U.S. at p.

6  419.) It was objectively reasonable to assume that EMPLOYER DEFENDANTS employer's,

7  managing agents, acts of discrimination and harassment toward PLAINTIFF would affect her

8  emotional well-being, and therefore DEFENDANT Employer' "conduct evinced an indifference

9  to or a reckless disregard of the health or safety of others." PLAINTIFF depleted her savings and

10  lost her medical insurance as a result of the termination, and therefore it appears that she "had

11  financial vulnerability." *Roby v McKesson* (2009)47 Cal. 4th 68.

12      129.    As a result of the discriminatory acts of EMPLOYER DEFENDANT its agents and

13  alter egos, and each of them, as alleged herein, PLAINTIFF is entitled to reasonable attorneys'

14  fees and costs of said suit as specifically provided in California Government Code § 12965(b).

15      130.    PLAINTIFF has suffered general damages in an amount within the jurisdiction of

16  this court.

17                    **FOURTH CAUSE OF ACTION**

18                        *Age Discrimination*

19                    **(Gov. Code, § 12940 et seq)**

20  **(By Plaintiff Lisa Tinetti Against Defendants UNITED AIRLINES, INC., a corporation;**

21  **UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity and Does 1 through 11**

22                          **inclusive;)**

23      131.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that

24  support them.

25      132.    At all times mentioned herein, Plaintiff was an individual residing in the State of

26  California.

27      133.    Beginning in approximately 2022, EMPLOYER DEFENDANTS employees,

28  supervisors and managing agents, including Defendant GLENN DANIELS and each of them,

1   while acting in the course and scope of their employment with EMPLOYER DEFENDANTS and

2   in carrying out the policies and practices of EMPLOYER DEFENDANTS, discriminated against

3   Plaintiff on the basis of her age, and failed to take all necessary steps to prevent discrimination

4   and harassment from occurring.

5         134.     Defendants discriminated against Plaintiff based upon her age with the following

6   actions, among others:

7         135.     Plaintiff is approximately over 59 years old. Plaintiff was Plaintiff worked as a

8   Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent,

9   hardworking employee of Defendants for over three decades. She was terminated under

10  pretextual reasons.

11        136.     On or around August 19, 2022, Plaintiff's employment was terminated by virtue of

12  Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

13  Plaintiff had been a loyal employee for 33 years and she was good at her job. Defendants

14  terminated her for pretextual reasons.  The real reason was because they saw her as an older

15  employee who was having some health issues and they wanted to get rid of her before she

16  became more expensive.

17        137.     Defendants wanted to save money on salary and benefits and decided to terminate a

18  number of older employees and replace them with younger less qualified employees.

19        138.     Defendant GLENN DANIELS was Plaintiff' supervisor.

20        139.     Defendant GLENN DANIELS treated Plaintiff differently because of her age and

21  because of her disability or perceived disability.

22        140.     The other employees Plaintiff worked with were younger than him. Defendant

23  GLENN DANIELS discriminated and harassed Plaintiff because of her age. She would assign

24  Plaintiff to work the most difficult and dirties work because of her age.

25        141.     Plaintiff's disability, perceived disability, age were substantial motivating factors in

26  EMPLOYER DEFENDANTS decision to terminate Plaintiff. Plaintiff was harmed by the

27  termination and the acts of discrimination and retaliation by EMPLOYER DEFENDANTS and

28  EMPLOYER DEFENDANTS' act of terminating Plaintiff was a substantial factor causing her

1   harm.

2       142.    EMPLOYER DEFENDANTS' employees, supervisors and managing agents, and

3   each of them, while acting in the course and scope of their employment with DEFENDANTS and

4   DOES 1 through 100, and in carrying out the policies and practices of DEFENDANTS

5   discriminated against Plaintiff on the basis of her age, failed to take all necessary steps to prevent

6   discrimination from occurring, for Plaintiff's age. At all times herein mentioned Plaintiff was a

7   qualified employee pursuant to Government Code 12940 et seq and 12926 et seq.

8       143.    Plaintiff was one of many older workers who were terminated. Defendants had a

9   pattern and practice of discriminating against employees who were older and terminating them

10   wrongfully. The discriminatory intent is evidenced in part by the fact that Defendants did this to

11   other employees who were older. This information is exclusively within defendant's custody and

12   control and Plaintiff requests that DEFENDANTS not destroy the information. DEFENDANTS

13   and DOES 1 through 100, knew they were terminating Plaintiff for illegal reasons, but did it

14   anyway, in blatant disregard of the law.

15       144.    The acts and conduct of Defendants, and each of them, as aforesaid, was in

16   violation of California Government Code § 12940 et seq. Said statutes are designed to protected

17   injured workers who are disabled as defined in Government Code 12926 et seq. and to prevent

18   discrimination based on age. Said statutes were intended to prevent the type of injury and damage

19   herein set forth. Plaintiff was, at all times material hereto, a qualified employee, and within the

20   protected class covered by California Government Code § 12940, et seq. and California

21   Government Code §12945 et seq. and California Code of Regulations 7293.5.

22       145.    By the acts and conduct described above, EMPLOYER DEFENDANTS, and each

23   of them, in violation of said statutes, knew about, or should have known about, and failed to

24   prevent or remedy the age discrimination. When Plaintiff was terminated, a motivating factor in

25   her termination was because of her age. Plaintiff is informed and believes and subject to

26   discovery, states that DEFENDANTS had a pattern and practice of terminating employees who

27   were older and replacing them with younger employees.

28   ///

146.     Plaintiff filed timely charges with the California Department of Fair Employment and Housing and received a right to sue in a California Superior Court pursuant to California Government Code § 12965(b), permitting her to bring this legal action.

147.     By the aforesaid acts and conduct of EMPLOYER DEFENDANTS, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

148.     As a direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

149.     As a further direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, Plaintiff has been caused to suffer and did suffer a loss of earnings, earning capacity, medical benefits, including insurance and other benefits to which they were entitled. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

150.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court. The aforementioned acts of DEFENDANTS, committed by and through their managing agents, supervisors, including Defendant GLENN DANIELS and were done with the knowledge of DEFENDANTS and or were ratified and condoned by DEFENDANTS, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of DEFENDANTS and its alter egos, and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial employees of DEFENDANTS, thereby justifying the awarding of punitive and exemplary damages in an

1    amount to be determined at the time of trial.

2         151.    The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos, co-

3    conspirators, successors, joint ventures was committed by and through their managing agents,

4    supervisors, were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos

5    and or were ratified and condoned by EMPLOYER DEFENDANTS and their, co-conspirators,

6    successors, joint ventures, and each of them, were willful, wanton, malicious, intentional,

7    oppressive, illegal and despicable and were done in willful and conscious disregard of the rights,

8    welfare and safety of Plaintiff, and were done by managerial agents of EMPLOYER

9    DEFENDANTS and its alter egos, and DOES 1 through 100, and with the express knowledge,

10   consent, and ratification of managerial employees of EMPLOYER DEFENDANTS and it alter

11   egos, thereby justifying the awarding of punitive and exemplary damages in an amount to be

12   determined at the time of trial. The termination of Plaintiff when she was older after 33 years of

13   loyal service based on false reasons was devised by EMPLOYER DEFENDANTS and, was

14   ratified and condoned by DEFENDANTS, with the knowledge that it was unlawful and without

15   regard for Plaintiff's and others' disabilities and the protections afforded Plaintiff under

16   California Law, as set forth above and by the FEHA, the FMLA and CFRA. Defendants had a

17   culture of discriminating against employees on the basis of their disability.

18        152.    The discriminatory policy was devised by EMPLOYER Defendants and

19   implemented by defendants in the strictest sense without regard for Plaintiff and the protections

20   afforded Plaintiffs by California Law, as set forth above and by the FMLA and CFRA. The

21   Defendants and its managing agents and alter ego's conduct as set forth herein was reprehensible.

22        153.    The harm to Plaintiff was "physical" in the sense that it affected her emotional and

23   mental health, rather than being a purely economic harm. (State Farm, supra, 538 U.S. at p. 419.)

24   It was objectively reasonable to assume that EMPLOYER DEFENDANTS employer's,

25   managing agents, acts of discrimination and harassment toward Plaintiff would affect her

26   emotional well-being, and therefore EMPLOYER DEFENDANTS' "conduct evinced an

27   indifference to or a reckless disregard of the health or safety of others." Plaintiff quickly depleted

28   her savings and lost her medical insurance as a result of her termination, and therefore it appears

1    that she "had financial vulnerability." *Roby v. McKesson* (2009)47 Cal. 4th 686;

2    154.    As a result of the discriminatory acts of EMPLOYER DEFENDANTS their agents

3    and alter egos, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys'

4    fees and costs of said suit as specifically provided in California Government Code § 12965(b).

5    Plaintiff has suffered general damages in an amount within the jurisdiction of this court.

6    **FIFTH CAUSE OF ACTION**

7    *Wrongful Termination*

8    **(By Plaintiff Lisa Tinetti Against Defendants UNITED AIRLINES, INC., a corporation;**

9    **UNITED AIRLINES LAX CUSTOMER SERVICE, a business entity and Does 1 through 11**

10   **inclusive;)**

11   155.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that

12   support them.

13   156.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that

14   support them.

15   157.    Plaintiff repeats and realleges each and every allegation set forth in the preceding

16   paragraphs and incorporates them herein by reference with the same effect as if realleged herein.

17   158.    At all times mentioned herein, Plaintiff was an individual residing in the State of

18   California.

19   159.    Plaintiff was a loyal employee of Defendants for many years.

20   160.    Plaintiff was approximately 59 years old. Plaintiff worked as a Lead Ramp

21   Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent, hardworking

22   employee of Defendants for over three decades. She was terminated under pretextual reasons.

23   161.    On or around August 19, 2022, Plaintiff's employment was terminated by virtue of

24   Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

25   162.    Defendants wanted to save money on salary and benefits and decided to terminate a

26   number of older employees and replace them with younger less qualified employees.

27   163.    Defendant GLENN DANIELS was Plaintiff' supervisor.

28   164.    In approximately Plaintiff was taken from work to a hospital in for a suspected

1   kidney injury and she was still suffering from kidney issues at the time of the approximately May

2   28,2022 incident. The disability or perceived disability coupled with fatigue caused her to be

3   unsteady, which was observed by her supervisor.

4        165.     Defendant Employers sent her for drug testing, instead of to a doctor. She

5   underwent a breathalyzer which was negative for any substance. She was then told she had to get

6   a urine sample, however, when she was taken to the clinic, when they attempted to take a sample,

7   they claimed it was not enough. Plaintiff provided a second sample, that was one they claimed

8   was not enough as well, then they said plaintiff was not producing urine. Plaintiff offered to have

9   blood drawn, but they refused. Defendants then claim they conducted an "investigation," but they

10   did not and they fired Ms. Tinetti anyway claiming plaintiff "failed the post mishap drug test

11   without cause" and for "violation of company rules without cause"  which was not true. She was

12   terminated and told she was not subject to rehire or to use any of the travel passes Employer

13   Defendants provide.

14        166.     Plaintiff was devastated, she had given her entire life to United Employer

15   Defendants and instead of engaging in the interactive process, attempting to accommodate her,

16   and investigating what really happened, they terminated her based on a pretextual reason. They

17   perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of

18   her. Employer Defendants have done this to other long-term employees.

19        167.     The other employees Plaintiff worked with were younger than her. Defendant

20   GLENN DANIELS discriminated and harassed Plaintiff because of her disability/perceived

21   disability, age.

22        168.     Defendants terminated PLAINTIFF in violation of the public policy set forth

23   Government Code 12926, and 12940 and 12941 et seq as set forth above. This was in violation of

24   the public policy as set forth in the above statutes.

25        169.     Plaintiff was terminated in violation of the public policy as set forth in FEHA

26   codified at Government Code §12900 et seq., prohibits among other things, age discrimination,

27   racial discrimination, sexual harassment, retaliation in employment on account of certain

28   protected classifications, including a person's sex, age and race, and further the FEHA requires

1   an investigation into allegations of sexual harassment, age discrimination and racial

2   discrimination and preventing harassment and retaliation.

3       170.    Plaintiff was terminated in violation of the public policy set forth in Government

4   Code §12920 provides the following in pertinent part regarding the public policy of the State of

5   California:

6       171.    "It is hereby declared as the public policy of this state that it is necessary to protect

7   and safeguard the right and opportunity of all persons to seek, obtain, and hold employment

8   without discrimination or abridgement on the account of age, race, religious creed, color, national

9   origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age

10  or sexual orientation.

11      172.    It is recognized that the practice of denying employment opportunity and

12  discriminating in terms of employment for these reasons ferments domestic strife and unrest,

13  deprives the state of the fullest utilization of its capacities for development and advancement, and

14  substantially and adversely affects the interest of employees, employers, and the public in

15  general.

16      173.    It is the purpose of this part to provide effective remedies that will eliminate these

17  discriminatory practices."

18      174.    Plaintiff was actually or constructively terminated in violation of Government

19  Code Section §12920.5 provides the following:

20      175.    "In order to eliminate discrimination, it is necessary to provide effective remedies

21  that will both prevent and deter unlawful employment practices and redress the adverse effects of

22  those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the

23  Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution."

24      176.    Plaintiff was terminated in violation of Government Code Section §12921(a)

25  provides the following in pertinent part:

26      177.    "The opportunity to seek, obtain and hold employment without discrimination

27  because of race, religious creed, color, national origin, ancestry, physical disability, mental

28  disability, medical condition, marital status, sex, age, or sexual orientation is hereby recognized

as and declared to be a civil right."

178.     Plaintiff was terminated in violation of the public policy set forth in 1984, the California Legislature stated the following regarding employment harassment and discrimination:

179.     The Legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification. Such conduct, whether intentional or unintentional, is a violation of the civil rights of California citizenry and has been shown to decrease productivity in the workforce. (Stats. 1984 c. 1754 §1)

180.     Plaintiff was terminated in violation of Government Code Section §12940 which provides the following in pertinent part:

181.     "It shall be an unlawful employment practice...

(a) For an employer because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person.... to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation, terms, conditions, or privileges of employment.

(h) For any employer... or person, to discharge, expel or otherwise discriminate against any person because that person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

(i) For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so.

182.     Plaintiff was violated in violation of the public policy set forth in Government Code Section §12940(k) Provides in pertinent part as follows:

"It shall be an unlawful employment practice...

"(k) For an employer..., employment agency, ...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

183.    Plaintiff was terminated in violation of public policy as set forth in Government Code 12926 (n) provides: "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, age, or sexual orientation" includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics.

184.    . Plaintiff was terminated in violation of public policy set forth in Government Code 12926.1 that employees are protected from discrimination due to an actual or perceived physical or mental impairment that is disabling, potentially disabling, or perceived as disabling or potentially disabling.

185.    By the acts and conduct described above, DEFENDANTS, and each of them, in violation of said statutes, knew about, or should have known about, and failed to prevent or remedy the violation of the law.

186.    By the aforesaid acts and conduct of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which PLAINTIFF will seek leave of court to amend when ascertained.

187.    As a direct and legal result of the acts and conduct of DEFENDANTS, as aforesaid, PLAINTIFF has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave of court to assert the same when they are ascertained.

188.    As a further direct and legal result of the acts and conduct of DEFENDANT, as aforesaid, PLAINTIFF has been caused to suffer and did suffer a loss of earnings, earning capacity, medical benefits, including insurance and other benefits to which he was entitled. The exact nature and extent of said injuries is presently unknown to PLAINTIFF, who will pray leave

1   of court to assert the same when they are ascertained.

2       189.    PLAINTIFF has been generally damaged in an amount within the jurisdictional

3   limits of this court.

4       190.    The aforementioned acts of DEFENDANT, committed by and through their

5   managing agents, supervisors, were done with the knowledge of DEFENDANT and or were

6   ratified and condoned by DEFENDANT, and each of them, were willful, wanton, malicious,

7   intentional, oppressive and despicable and were done in willful and conscious disregard of the

8   rights, welfare and safety of PLAINTIFF, and were done by managerial agents of DEFENDANT,

9   and DOES 1 through 100, and with the express knowledge, consent, and ratification of

10  managerial employees of DEFENDANT, thereby justifying he awarding of punitive and

11  exemplary damages in an amount to be determined at the time of trial. Prior to the termination of

12  PLAINTIFF, the DEFENDANT'S managing agents (whose identity is known to DEFENDANT

13  and will be the subject of discovery in this case) engaged in a pattern of getting rid of injured

14  workers and refusing to engage in the interactive process so that they would not have to make

15  reasonable accommodations for the injured workers. DEFENDANT and its managing agents,

16  (whose identity is known to DEFENDANT and will be the subject of discovery in this case)

17  knew that their actions were illegal and acted in conscious disregard for the law, putting their

18  own desires to get rid of injured workers over the law.

19      191.    The aforementioned acts of DEFENDANT an their alter egos, committed by and

20  through their managing agents, supervisors, were done with the knowledge of DEFENDANT and

21  their alter egos and or were ratified and condoned by DEFENDANT and their alter egos, and

22  each of them, were willful, wanton, malicious, intentional, oppressive, illegal and despicable and

23  were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, and

24  were done by managerial agents of DEFENDANT and it's alter egos, and DOES 1 through 100,

25  and with the express knowledge, consent, and ratification of managerial employees of

26  DEFENDANT and its alter egos, thereby justifying the awarding of punitive and exemplary

27  damages in an amount to be determined at the time of trial.

28  ///

COMPLAINT FOR DAMAGES

192.    Further, DEFENDANTS and each of them, their managing agents (who's identity is known to DEFENDANTS and will be the subject of discovery in this case) ratified and condoned the refusal to accommodate PLAINTIFF who was a qualified injured worker and others by terminating them when they suspected they were disable or would become disabled and need accommodation.

193.    The harm to PLAINTIFF was "physical" in the sense that it affected her emotional and mental health, rather than being a purely economic harm. (State Farm, supra, 538 U.S. at p. 419.) It was objectively reasonable to assume that DEFENDANTS employer's, managing agents, acts of discrimination and harassment toward PLAINTIFF would affect her emotional well-being, and therefore DEFENDANT EMPLOYERS' "conduct evinced an indifference to or a reckless disregard of the health or safety of others." PLAINTIFF depleted her savings and lost her medical insurance as a result of the termination, and therefore it appears that he "had financial vulnerability." *Roby v McKesson* (2009)47 Cal. 4th 68.

194.    As a result of the discriminatory acts of DEFENDANT its agents and alter egos, and each of them, as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

195.    PLAINTIFF has suffered general damages in an amount within the jurisdiction of this court.

### SEVENTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress*
**(Gov. Code, § 12940 et seq)**

**(By Plaintiff Lisa Tinetti Against All Defendants)**

196.    Plaintiff repeats and repleads all of the prior causes of action and all the facts that support them.

197.    Plaintiff is informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them,  including the Clinic that Defendants sent plaintiff to Concentra, and or Concentra LAX,  were  the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, aiders and abetters and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged

herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

198.     During the course of dealings with Plaintiff, and thereafter, DEFENDANTS, and each of them, as herein before alleged, engaged in an intentional and injurious course of conduct which was in conscious disregard of Plaintiff's rights. DEFENDANTS' behavior was extreme and outrageous and cannot be considered normal personnel actions.

199.     As set forth above, DEFENDANTS, including Defendant GLENN DANIELS, knowingly violated the law Plaintiff had been a loyal and hardworking employee for 33 years. She was approximately 59 years old.

200.     When she became injured with kidney disease in February 2022, plaintiff suffered fatigue and effects at work. EMPLOYER DEFENDANTS and GLENN DANIELS refused to follow the law and attempt to assist her to return to work. Instead of sending her to a doctor, they sent her to get a urine test, even though she had already passed a breathalyzer test.

201.     Plaintiff followed Defendant's instructions and went to the clinic. She provided a urine sample. But Defendants clinic did not accept it. Plaintiff said she would take a blood test, but they refused.

202.     The Employer defendants then hired a doctor who had never seen plaintiff to say that she did not have a "shy bladder."

203.     Plaintiff told Defendants she had provided the urine sample, and she had offered to take a blood test, but they refused to listen. They terminated her falsely claiming she refused to take the test. This made plaintiff ineligible to work anywhere.

204.     DEFENDANTS, and each of them, also abused positions of authority over Plaintiff. DEFENDANTS knew the Plaintiff was susceptible to injuries through mental distress, and DEFENDANTS acted intentionally or unreasonably with the recognition that their acts were likely to result in illness to Plaintiff through mental distress. DEFENDANTS' actions were illegal, and DEFENDANTS knew they were illegal, and DEFENDANTS carried them out with a malicious intent to harm Plaintiff.

205.     During Plaintiff's employment with the EMPLOYER DEFENDANTS, Defendant GLENN DANIELS and DOES 1-100 (collectively "DEFENDANTS") engaged in an extreme and outrageous and intentional and injurious course of conduct which was in conscious disregard of PLAINTIFF'S rights. DEFENDANTS' behavior was extreme and outrageous and cannot be considered normal personnel actions. DEFENDANTS abused their position of authority over Plaintiff. DEFENDANTS knew the Plaintiff was susceptible to injuries through mental distress, and DEFENDANTS acted intentionally or unreasonably with the recognition that Defendants' acts were likely to result in illness to Plaintiff through mental distress. DEFENDANTS' actions were illegal, DEFENDANTS knew they were illegal, and DEFENDANTS carried them out with a malicious intent to harm Plaintiff.

206.     DEFENDANTS' extreme and outrageous actions include, but are not limited to, the following:

207.     Plaintiff was a loyal employee of Defendants for many years.

208.     Plaintiff was approximately 59 years old.

209.     Plaintiff is approximately over 40 years old. Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent, hardworking employee of Defendants for over three decades. She was terminated under pretextual reasons.

210.     On or around August 19, 2022, Plaintiff's employment was terminated by virtue of Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

211.     Defendants wanted to save money on salary and benefits and decided to terminate a number of older employees and replace them with younger less qualified employees.

212.     Defendant GLENN DANIELS was Plaintiff' supervisor.

213.     Defendant GLENN DANIELS exercised her power to create a discriminatory, harassing, and hostile work environment against Plaintiff.

214.     Defendant GLENN DANIELS treated Plaintiff differently because of her age and because of her disability or perceived disability.

215.     In about Febraury2022, Plaintiff was taken from work to a hospital in for a suspected kidney injury and she was still suffering from kidney issues at the time of the

1    approximately May 28,2022 incident. The disability or perceived disability coupled with fatigue

2    caused her to be unsteady, which was observed by her supervisor.

3        216.    Instead of helping plaintiff, they sent her to their Clinic for urine testing. Plaintiff

4    has already passed a breathalyzer test.  Then Defendants falsely accused plaintiff of failing to

5    take the urine test when that was not true. Weeks after the urine test, Defendants hired their own

6    doctor to write a report stating plaintiff did not have a "shy bladder". This doctor never saw

7    plaintiff or reviewed any medical records. This was Defendants way to terminate plaintiff for a

8    false reason, claiming she failed to comply with taking the urine test when that was false.

9        217.    Plaintiff was devastated, she had given her entire life to United Employer

10   Defendants and instead of engaging in the interactive process, attempting to accommodate her,

11   and investigating what really happened, they terminated her based on a pretextual reason. They

12   perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of

13   her. Employer Defendants have done this to other long-term employees.

14       218.    EMPLOYER DEFENDANTS were aware of the harassment and ratified and

15   condoned the harassment.

16       219.    Defendant GLENN DANIELS had berated, harassed and discriminated Plaintiff.

17   The EMPLOYER DEFENDANTS ratified and condoned actions of Defendant GLENN

18   DANIELS The EMPLOYER DEFENDANTS' actions were in violation of FEHA as set forth in

19   Government Code 12940 et seq.

20       220.    DEFENDANTS acted with intentional or reckless disregard of Plaintiff's rights and

21   these actions were completed with malicious intent to harm Plaintiff. DEFENDANTS acted with

22   intentional or reckless disregard of the probability that Plaintiff would suffer emotional distress

23   knowing that Plaintiff was present when DEFENDANTS' illegal activity occurred.

24   DEFENDANTS' conduct was in contravention of the public policy as set forth in FEHA,

25   precluding harassment, discrimination, and retaliation in employment. DEFENDANTS conduct

26   in violation of FEHA as set forth herein constitutes outrageous conduct because the employer-

27   employee relationship cannot encompass conduct that is obnoxious to the interests of the state

28   and contrary to public policy.

221.    DEFENDANTS acted with intentional or reckless disregard of Plaintiff's rights and these actions were completed with malicious intent to harm Plaintiff. DEFENDANTS acted with intentional or reckless disregard of the probability that Plaintiff would suffer emotional distress knowing that Plaintiff was present when DEFENDANTS' illegal activity occurred. DEFENDANTS' conduct was in contravention of the public policy as set forth in Government Code 12940 et seq. and constitutes outrageous conduct because the employer-employee relationship cannot encompass conduct that is obnoxious to the interests of the state and contrary to public policy.

222.    DEFENDANTS knew, or, in the exercise of reasonable care, should have known, that the abusive and outrageous conduct would cause, and did cause, Plaintiff's mental distress. The abusive and outrageous conduct was so extreme as to exceed all bounds of what is usually tolerated in a decent and civilized society.

223.    As set forth above, DEFENDANTS' actions were illegal and in contravention of state and federal codes, regulations, standards, and statutes. Plaintiff continues to suffer emotional distress as result of DEFENDANTS' actions.

224.    By the aforesaid acts and conduct of DEFENDANTS, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

225.    As a direct and legal result of the acts and omissions of DEFENDANTS, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered numerous internal injuries, severe fright, shock, pain, discomfort, and extreme anxiety (among other things). The exact nature and extent of said injuries are not known to the Plaintiff, who will pray leave of Court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believe, and thereon allege, that some of the said injuries are reasonably certain to

1   be permanent in nature.

2       226.     As a further legal result of the acts and omissions of the DEFENDANTS, and each

3   of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory

4   costs, and is informed and believe, and thereon allege, that Plaintiff will in the future be forced to

5   incur additional expenses of the same nature, all in an amount which is at present unknown.

6   Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

7       227.     Plaintiff has been generally damaged in an amount within the jurisdictional limits

8   of this Court.

9       228.     The aforementioned acts of EMPLOYER DEFENDANTS and its alter egos,

10  committed by and through their managing agents, supervisors, were done with the knowledge of

11  EMPLOYER DEFENDANTS and its alter egos and or were ratified and condoned by them and

12  their alter egos, and each of them, were willful, wanton, malicious, intentional, oppressive, illegal

13  and despicable and were done in willful and conscious disregard of the rights, welfare and safety

14  of Plaintiff, and were done by managerial agents of Defendants and its alter egos, and Does 1

15  through 100, and with the express knowledge, consent, and ratification of managerial employees

16  of Defendants and its alter egos, thereby justifying the awarding of punitive and exemplary

17  damages in an amount to be determined at the time of trial. The termination of Plaintiff was

18  motivated at least in part by her age. Not only was the termination of Plaintiff illegal, it was also

19  in direct violation of the policies EMPLOYER DEFENDANTS set forth in their own policies

20  preventing discrimination. EMPLOYER DEFENDANTS and their managing agents and alter

21  ego's conduct as set forth herein was reprehensible.

22                          **EIGHTH CAUSE OF ACTION**

23                      ***Defamation & Self-Compelled Defamation***

24                          **(Gov. Code, § 12940 et seq)**

25                   **(By Plaintiff Lisa Tinetti Against All Defendants)**

26      229.     Plaintiff repeats and realleges each and every allegation set forth in the preceding

27  paragraphs as though set forth in full herein.

28  ///

230.     Plaintiff is informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them,  including the Clinic that Defendants sent plaintiff to Concentra, and or Concentra LAX,  were  the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter ego, aiders and abetters and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

231.     Plaintiff was a loyal employee of Defendants for many years.

232.     Plaintiff was approximately 59 years old.

233.     Plaintiff worked as a Lead Ramp Serviceman for approximately thirty-three (33) years. Plaintiff was an excellent, hardworking employee of Defendants for over three decades. She was terminated under pretextual reasons.

234.     On or around August 19, 2022, Plaintiff's employment was terminated by virtue of Defendants actions. Plaintiff was approximately 59 years old at the time of her termination.

235.     Defendants wanted to save money on salary and benefits and decided to terminate a number of older employees and replace them with younger less qualified employees.

236.     Defendant GLENN DANIELS was Plaintiff' supervisor.

237.     Defendant GLENN DANIELS exercised her power to create a discriminatory, harassing, and hostile work environment against Plaintiff.

238.     Defendant GLENN DANIELS treated Plaintiff differently because of her age and because of her disability or perceived disability.

239.     In Approximately February 2022, Plaintiff was taken from work to a hospital in for a suspected kidney injury and she was still suffering from kidney issues at the time of the approximately May 28,2022 incident. The disability or perceived disability coupled with fatigue caused her to be unsteady, which was observed by her supervisor.

240.     Defendant Employers sent her for drug testing, instead of to a doctor. She underwent a breathalyzer which was negative for any substance. She was then told she had to get

1      a urine sample, however, when she was taken to the clinic, when they attempted to take a sample,

2      they claimed it was not enough. Plaintiff provided a second sample, that was one they claimed

3      was not enough as well, then they said plaintiff was not producing urine. Plaintiff offered to have

4      blood drawn, but they refused. Defendants then claim they conducted an "investigation," but they

5      did not.

6          241.      On or about August 19,2022, EMPLOYER DEFENDANTS and DARNELL fired

7      Ms. Tinetti claiming plaintiff "failed the post mishap drug test without cause." and or violated

8      company rules. This was not true. DEFENDANTS knew it was not true. This false statement was

9      repeated at least once and was repeated to multiple people. After 33 years of loyal service

10     EMPLOYER DEFENDANTS and DARNELL made up a false reason to terminate plaintiff

11     knowing it would damage her reputation. The false statements did damage plaintiff's reputation

12     and continue to damage her reputation.

13         242.      Plaintiff has had to repeat it multiple times since August 19, 2022 including being

14     compelled to repeat the false and defamatory reason for her termination when she applied for

15     work.

16         243.      Plaintiff was told she was not subject to rehire.

17         244.      Plaintiff was devastated, she had given her entire life to United Employer

18     Defendants and instead of engaging in the interactive process, attempting to accommodate her,

19     and investigating what really happened, they terminated her based on a pretextual reason. They

20     perceived Plaintiff to be an older employee who was becoming sick, and it was time to get rid of

21     her. Employer Defendants have done this to other long-term employees.

22         245.      DEFENDANTS actions were in illegal and in conscious disregard of the law and of

23     plaintiff's rights.

24         246.      As a direct and legal result of DEFENDANT'S actions, Plaintiff suffered extreme

25     emotional distress, which persists too today. Plaintiff had anxiety, depression, she had crying fits,

26     she suffered extreme anxiety when she was unable to pay her bills or make a living due to the

27     unlawful termination.

28         247.      By the aforesaid acts and conduct of DEFENDANTS, and each of them, Plaintiff

1   has been directly and legally caused to suffer actual damages pursuant to California Civil Code

2   §3333 including, but not limited to, loss of earnings and future earning capacity, medical and

3   related expenses for care and procedures both now and in the future, loss of career, loss of 401K

4   penalties , taxes , attorney's fees, and other pecuniary loss not presently ascertained, for which

5   Plaintiff will seek leave of court to amend when ascertained.

6        248.    As a direct and legal result of the acts and conduct of EMPLOYER

7   DEFENDANTS, Plaintiff has been caused, and did suffer, and continues to suffer severe and

8   permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock,

9   pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown

10   to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

11        249.    Further, DEFENDANTS, their managing agents, including but not limited to,

12   managing agents, supervisors, ratified and condoned the action against Plaintiff and allowed the

13   supervisors and managers to continue working. The aforementioned acts of EMPLOYER

14   DEFENDANTS and its alter egos, committed by and through their managing agents, supervisors,

15   were done with the knowledge of EMPLOYER DEFENDANTS and its alter egos and or were

16   ratified and condoned by them and their alter egos, and each of them, were willful, wanton,

17   malicious, intentional, oppressive, illegal and despicable and were done in willful and conscious

18   disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents of

19   DEFENDANTS and its alter egos, and DOES 1 through 100, and with the express knowledge,

20   consent, and ratification of managerial employees of DEFENDANTS and its alter egos, thereby

21   justifying the awarding of punitive and exemplary damages in an amount to be determined at the

22   time of trial.

23        250.    The EMPLOYER DEFENDANTS' managing agents, agents and supervisors

24   (whose identity is known to Defendants and will be the subject of discovery in this case),

25   engaged in a pattern of ignoring complaints of discrimination in the workplace.

26        251.    The EMPLOYER DEFENDANTS and their managing agents (whose identity is

27   known to DEFENDANTS and will be the subject of discovery in this case), knew that their

28   actions were illegal and acted in conscious disregard for the law. The conduct of EMPLOYER

1   DEFENDANTS, their managing agents and alter egos as set forth herein was reprehensible.

2   EMPLOYER DEFENDANTS knew they were allowing Plaintiff to be harassed and exposing

3   employees to discrimination. The EMPLOYER DEFENDANTS knew their behavior was illegal,

4   but did it anyway, in blatant disregard of the law.

5       252.    Plaintiff has been generally damaged in an amount within the jurisdiction of this

6   Court. The harm to Plaintiff was "physical" in the sense that it affected her emotional and mental

7   health, rather than being a purely economic harm. (*State Farm Mutual Automobile Ins. Co. v.*

8   *Campbell* (2003) 538 U.S. 408, 419.) It was objectively reasonable to assume that EMPLOYER

9   DEFENDANTS' employers' and managing agents' acts of discrimination and harassment toward

10  Plaintiff would affect her emotional well-being, and therefore EMPLOYER DEFENDANTS

11  "conduct evinced an indifference to or a reckless disregard of the health or safety of others."

12                                      **PRAYER**

13          WHEREFORE, the Plaintiff prays for judgment against the Defendants, and each

14  of them and DOES 1 through 100, as follows:

15              **AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100:**

16      1.      For general damages in an amount within the jurisdictional limits of this court;

17      2.      For medical expenses and related items of expense, according to proof;

18      3.      For loss of earnings, earning capacity and benefits, according to proof;

19      4.      For attorneys' fees according to proof;

20      5.      For prejudgment interest according to proof;

21      6.      For costs of suit incurred herein;

22      7.      For interest as allowed by law;

23      8.      For all penalties as permitted under the law;

24      9.      For Special Damages as permitted by Statute;

25      10.     For such other and further relief as the court may deem just and proper; and

26      11.     For exemplary and punitive damages in an amount according to proof.

27                                **JURY TRIAL DEMAND**

28          The Plaintiff hereby demands a trial by jury.

1   Respectfully submitted.

2

3

4   August 2, 2023                                    LAW OFFICES OF MARYANN P. GALLAGHER

5

6                                          By: _____

7                                                MARYANN P. GALLAGHER
                                                 VIRIDIANA E. ACEVES
8                                                Attorneys for Plaintiff Lisa Tinetti

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/02/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23STCV18305 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Anne Richardson | 40 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/03/2023
  (Date)

David W. Slayton, Executive Officer / Clerk of Court

By E. Galicia _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)  Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)  Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

  i)     Any printed document required pursuant to a Standing or General Order;

  ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

  iii)   Pleadings and motions that include points and authorities;

  iv)   Demurrers;

  v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

  vi)   Motions for Summary Judgment/Adjudication; and

  vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2   For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6   This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                    KEVIN C. BRAZILE

11                                                             Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL